IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER GOMES,

    Petitioner,                    No. CIV S-09-0792 DAD P

    vs.

M.S. EVANS, Warden,             ORDER AND

    Respondent.             FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**PRELIMINARY SCREENING**

        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may

1

dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

**BACKGROUND**

On March 23, 2009, petitioner commenced this action by filing a petition for writ of habeas corpus. Therein, petitioner alleges that he appeared before the Unit Classification Committee ("UCC") on August 9, 2007, to request permission to participate in the family visiting program with his adult wife. According to the petition, the UCC cited California Code of Regulations, Title 15 § 3177 in denying his request. (Pet. Attach. at 1-2.)

Petitioner claims that the UCC's decision, as well as the state court decisions affirming it, are arbitrary and capricious and violate his rights under the Due Process Clause and Equal Protection Clause. Petitioner also claims that the UCC's decision and the state court decisions are contrary to and an unreasonable application of federal law. Petitioner asks the court to find that the UCC violated his rights under the Due Process Clause and Equal Protection Clause and to issue an order directing the UCC to grant him a family visit with his adult wife or other qualifying adult family member. (Pet. Attach. at 1-10 & Exs. 1, 3-5.)

**ANALYSIS**

The instant petition should be dismissed because petitioner has failed to state a cognizable claim for federal habeas relief. Petitioner is advised that habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Here, petitioner does not challenge the legality of his conviction, a parole proceeding, or other adjudication that has led to his current incarceration. Rather, petitioner challenges the conditions of his confinement. Petitioner is advised that a civil rights action, not a habeas corpus proceeding, is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement. 42 U.S.C.

§ 1983; <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991). Accordingly, petitioner is not entitled to habeas corpus relief, and this habeas action should be dismissed without prejudice to filing a civil rights action.

**CONCLUSION**

IT IS HEREBY ORDERED:

1. Petitioner's March 23, 2009 application to proceed in forma pauperis (Doc. No. 2) is granted; and

2. The Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's March 23, 2009 application for writ of habeas corpus (Doc. No. 1) be dismissed without prejudice to filing a civil rights action; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 30, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
gome0792.156